NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1882.

MUMFORD v. CODDINGTON.

*In the matter of the estate of* BENJAMIN A. MUMFORD, *deceased.*

Upon an application, under Code Civ. Pro., §§ 2717, 2718, by the administrator of a deceased legatee, for the payment of the legacy, the executor filed an answer alleging that the legatee in his lifetime had assigned his legacy, and that the assignee had received from the estate the amount applicable thereto.

*Held,* a sufficient denial, under the statute, of the validity and legality of petitioner's claim, and that the petition must be dismissed.

APPLICATION for an order directing the payment, by T. B. Coddington, surviving executor of decedent's will, of a legacy to Benjamin C. Mumford, administrator of the estate of decedent's son and legatee, Frederick A. Mumford. The facts appear sufficiently in the opinion.

SAMUEL J. CROOKS, *for the applicant.*

NASH & KINGSFORD, *for the executor.*

THE SURROGATE.—The decedent died in 1864, leaving a will by which a portion of his estate was given to his son Frederick. In 1871, Frederick made to one Melick an assignment, under seal, of his interest in his father's estate to the extent of $1,500. Notice of this assignment was seasonably given to the executors. Frederick died intestate in 1879. During the next year, the executors came into possession of certain moneys (less than the assigned $1,500), which formed a part of Frederick's share under his father's will. These moneys the assignee

demanded of the executors, but, pending the negotiations about the matter, Melick assigned his claim to another. To this second assignee has recently been transferred the sum of $1,379, being the precise amount in the hands of the surviving executor, payable to Frederick's representatives or assigns.

In this condition of affairs, Frederick's widow, who has intervened herein, asks that Benjamin's executor be directed to pay to the administrator of Frederick's estate a like amount of $1,379, upon the ground that the transfers above named were practically worthless, in view of the fact that, when Frederick executed the first assignment, he had really nothing to assign. It might well be doubted, even in the absence of the statutory restrictions to which I shall presently refer, whether the Surrogate had the authority in a proceeding like the present to determine a controversy between one claiming to hold an assignment from a legatee, and the legatee himself. Decker v. Morton (*1 Redf.*, *484*).

But, however this may be, the provisions of the Code seem to be conclusive in the matter. Section 2718 declares that a proceeding, such as this, must be dismissed, " where the executor files a written answer duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely or upon information and belief." Now, the answer of the executor herein substantially denies the validity of the administrator's claim, and discloses the facts which have been already specified, and which certainly create serious doubts whether that claim is well founded. The motion must be denied.

Ordered accordingly.